IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ABDUL AL-HAKEEM AFIZ, a/k/a | ) | |
| MIRON TAYLOR, Register No. 350138, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4005-CV-C-NKL |
| | ) | |
| JACKIE PETRI, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Abdul Hakeem Afiz, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as sole defendant is C.O. Jackie Petri.

Plaintiff claims defendant issued to him an improper conduct violation.

In lieu of requesting leave to proceed in forma pauperis, plaintiff has submitted a document entitled, "UCC Financing Statement." Plaintiff is advised this is not an acceptable payment of the $350.00 filing fee.

Under 28 U.S.C. § 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. § 1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Upon review, plaintiff's claims should be dismissed, pursuant to 28 U.S.C. § 1915(g). Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted and, therefore, must either pay the filing fee in full or show that he is in imminent danger of serious physical injury in order to proceed with his claims. See Afiz v. Carter, No. 04-0326 (W.D. Va. 2004); Afiz v. Federal Bureau of Prisons - Washington, D.C., No. 97-1681 (E.D. Mo. 1997); Afiz v. Federal Bureau of Prisons - USP - Leavenworth, No. 97-1661 (E.D. Mo. 1997); Afiz v. Toelke, No. 97-0053 (E.D. Mo. 1997); Afiz v. St. Louis Police Dep't, No. 93-2147 (E.D. Mo. 1993); Afiz v. Department of Corrections, No. 93-0561 (E.D. Mo. 1993).

Plaintiff's instant claims fail to allege that he faces "imminent danger of serious physical injury"; thus, his claims should be dismissed, without prejudice, subject to refiling upon payment of the filing fee in full.

In his document filed January 29, 2009, plaintiff requests the court to return the UCC Financing Statement attached. Accordingly, it is

ORDERED that the Clerk of Court return to plaintiff the UCC Financing Statement attached to his Document 5. It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge